LESTER et, Plaintiffs-Appellants, v. BOARD OF LIQUOR CONTROL et, Defendants-Appellees.

Ohio Appeals, Tenth District, Franklin County.

No. 5682.   Decided September 26, 1957.

John A. Wiethe, Peter W. Swenty, Cincinnati, for plaintiffs-appellants.

William Saxbe, Atty. Genl., S. Noel Melvin, Asst. Atty. Genl., Columbus, for defendants-appellees.

## OPINION

By PETREE, PJ.

This case began with a hearing before the Ohio Board of Liquor Control.  The issue before the Board was the guilt or innocence of plaintiffs-appellants, Stewart Lester and Lillian Lester, of a charge of allowing or conducting gaming or wagering based upon alleged "monetary payoff on pinball machine score."  The charge had been filed by an investigator of the department of liquor control.  The Lesters were at the time holders of a D-5 liquor permit.

The board found them guilty and ordered the permit suspended for thirty days.  An appeal was taken to the Common Pleas Court, which found that the decision of the board was supported by the requisite amount of evidence and affirmed the board.

The Lesters on April 17, 1957, filed their notice of appeal to the Court of Appeals on questions of law.  On June 12, 1957, a stipulation relating to the transcript of the record and approving it as the bill of exceptions was filed, bearing the approval of counsel on both sides.

On July 12, 1957, counsel for the Board of Liquor Control, appellee herein, filed a motion to dismiss the appeal for failure to comply with Rule VII and/or amended Rule VII-A of the Courts of Appeals.  In the

brief, it was alleged that eighty-four (84) days had expired, as of July 12, 1957, since the filing of the notice of appeal, and that the Lesters were in default and had failed to file either their assignments of error or brief.

A copy of appellee's motion was mailed to counsel for the Lesters on July 10, 1957, two days before it was filed in this court.

It was on July 15, 1957, that the Lesters' brief and assignment of error were filed, accompanied by the letter stating they were overdue but that other matters which were pressing required attention.

A portion of the law dealing with procedure on appeals is pertinent. **Sec. 2505.21 R. C.,** provides in part as follows:

"Failure to file such briefs (by the appellant) and assignments of error within the time prescribed by the court rules is cause for dismissal of such appeal." (Parenthetical material added.)

Rule VII-A (2), of the Rules of this court, provides in part as follows:

"Unless otherwise ordered by the Court or a judge thereof, assignments of error and briefs shall be filed as follows:

"When the bill of exceptions is filed with the Clerk of the Court of Appeals, as heretofore provided, appellant shall file therewith his assignments of error and briefs. If a bill of exceptions is not required, within fifty (50) days after the perfecting of the appeal as provided by §2505.07 R. C., appellant shall file with the Clerk of the Court of Appeals his assignments of error and briefs."

See also §2505.27 R. C., as to appeals from the Common Pleas Court to the Court of Appeals.

Also pertinent here are the provisions of Rule VII-E, providing in part as follows:

"Upon failure of the appellant to file his bill of exceptions, assignments of error, briefs or trial briefs as herein required, unless good cause be shown to the contrary, the cause will be dismissed for want of prosecution or otherwise disposed of at the discretion of the Court.
*          *          *          *          *

"An application for extension or shortening of time within which to file brief must be by motion for good cause shown. * * *""

Applying the rules and statutes to this case, we find that the Lesters filed their notice of appeal on April 17, 1957, and that the transcript of testimony and record of proceedings before the Board of Liquor Control (which by agreed journal entry filed June 12, 1957, was denominated "an adequate bill of exceptions in the above entitled matter, * * *.") was filed in this court on April 18, 1957. Even if it were held that no bill of exceptions was required, the fifty (50) days expired on June 7, 1957, and the Lesters would be in default by 35 days as of the date of filing the motion.

The Lesters are clearly in default and the motion must be sustained.

MILLER, J, concurs.
BRYANT, J, not participating.